## UNITED STATES of America, Appellee,

v.

## Kevin L. GRAY, Appellant.

### No. 01–3092.

United States Court of Appeals, District of Columbia Circuit.

Sept. 25, 2001.

Before WILLIAMS, ROGERS, and TATEL, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the district court's order filed June 4, 2001, be affirmed substantially for the reasons stated therein. To the extent appellant alleges a violation of due process, the government amply demonstrated that the conditions of confinement are rational-

ly connected to legitimate security concerns. *See Bell v. Wolfish,* 441 U.S. 520, 538, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Moreover, appellant's challenge to the requirement that counsel be present during social visits fails because the government has demonstrated that the requirement is justified by legitimate security concerns. In addition, appellant fails to allege any specific prejudice to his ability to prepare an adequate defense occasioned by the requirement. *See Perry v. Leeke,* 488 U.S. 272, 280, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989). Finally, because appellant did not argue in the district court that the social visit restrictions devalue potential mitigation evidence, the court declines to consider that issue for the first time on appeal. *See District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077, 1078–79 (D.C.Cir. 1984).

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.